UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANNY L. SAINTIGNON, Jr., | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00311-JMS-DLP |
| RICHARD BROWN, Warden,[1] | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Danny Saintignon for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 17-04-0077. For the reasons explained in this Entry, Saintignon's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] Effective July 1, 2017, Senate Enrolled Act 387 changed the title of the heads of Indiana penal facilities and correctional institutions from "superintendent" to "warden." See Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52.

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

    **B.**    **The Disciplinary Proceeding**

On April 12, 2017, Correctional Officer G. Simpson wrote a Report of Conduct that charged Saintignon with Class B offense 202, Possession of a Controlled Substance. The Conduct Report states:

> On 4-12-17 at approximately 1150 I c/o C. Simpson was conducting a cell search of cell 425. During said cell search I found and confiscated brown sticky papers which are believed to be laced with narcotics. Offender Saintignon, Danny # 978030 currently resides in cell 425.

Dkt. 9-1. A Notice of Confiscated Property was completed and a photograph showing several torn pieces of paper was taken. A document entitled Suspicious Controlled Substance Confirmation states that "[w]ithout a chemical test available, the facility is going to rely on the circumstances surrounding the items found," including "suspicious torn pieces of paper." Dkt. 9-1.

On April 17, 2017, Saintignon was notified of the charge of Class B offense Possession/Use of Controlled Substance when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Saintignon pleaded not guilty, requested and was provided a lay advocate, did not request any witnesses, and as physical evidence requested the papers to be tested for narcotics. This request was "denied - irrelevant – paraphernalia." Dkt. 9-2.

The hearing officer conducted a disciplinary hearing in WVD 17-04-0077 on April 20, 2017. Saintignon's comment was "[w]e were not notified about this rule. It was tobacco rolling papers. Why won't you test it? I'm guilty of a C305 [Use/Possession of Tobacco, including rolling papers]. What lead [sic] the c/o to believe it was a narcotic?" Dkt. 9-4. The hearing officer found

2

Saintignon guilty of the Class B Possession/Use of Controlled Substance In making this determination, the hearing officer considered staff reports, the statement of the offender, the photo, confiscation slip, and "statement from O.I.I.".

The hearing officer imposed the following sanctions: a written reprimand, one-month loss of kiosk privileges, 90-day loss of earned credit time, and a one-class demotion in credit class. Saintignon appealed his conviction without success to the Facility Head and the Final Reviewing Authority.

He then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Saintignon's challenges his conviction on the basis that there was insufficient evidence to find him guilty. He argues that his possession of the brown sticky papers did not qualify as an offense under B-202 and that he was improperly denied drug testing. He also claims that he was entitled to a lay advocate during his administrative appeals.

Offense B-202 is defined as: "Possession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." DOC policy considers rolling papers paraphernalia.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion

reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There was some evidence in this case. A correctional officer found "brown sticky papers which are believed to be laced with narcotics" in Saintignon's cell. A photograph shows several torn pieces of paper of different sizes. In addition, DOC has a policy regarding suspicious controlled substances, and it includes identifying "suspicious torn pieces of paper" as controlled substances without a chemical test. The respondent explains that inmates have been known to receive drug-soaked papers through the mail that they then chew on to get high. The fact that the confiscated paper was brown and sticky suggested that it had been soaked in drugs.

Further, at the hearing Saintignon stated the papers were only "tobacco rolling papers." Based on this admission, Saintignon was still guilty of Class B offense 202, which includes not only possession of a controlled substance but also possession of drug paraphernalia. In other words, whether the officer believed that the sticky brown papers were laced with narcotics or that they were rolling papers, the appropriate charge was a Class B offense 202. Under these circumstances even if the paper was tested and determined not to contain narcotics, Saintignon would still be guilty of Class B offense 202 because he admitted to processing rolling papers.

Finally, Saintignon's claim that he was denied a lay advocate during his appeal process does not entitle him to relief. As a preliminary matter, "due process d[oes] not require that the

4

prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008). Those circumstances were not present in this case as Saintignon had a lay advocate during his hearing and his due process rights, which are set forth in *Wolff*, do not include any safeguards during an administrative appeal.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Saintignon to the relief he seeks. Accordingly, Saintignon's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/26/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

5

Distribution:

DANNY L. SAINTIGNON, Jr.
978030
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov